```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

SYLVESTER RHODES, BY AND THROUGH
KATHERINE RHODES, NEXT FRIEND, FOR
THE USE AND BENEFIT OF SYLVESTER
RHODES                                                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:06cv167-DCB-JMR

MARINER HEALTH CARE, INC., ET AL.                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the plaintiff's Motion to Remand [**docket entry no. 6**] and the defendants' Motion to Dismiss [**docket entry no. 15**]. Having reviewed the Motions, response, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

## FACTS

On August 25, 2004, this personal injury suit was instituted on behalf of Sylvester Rhodes against Mariner Health Care, Inc.; National Heritage Realty, Inc.; Grancare, Inc.; Evergreen Healthcare, Inc.; J.D. Lee; Boyd Gentry; Roy Dumas; Lisa Collins; George D. Morgan; Sydney K. Boone, Jr.; Angela Kuntz; James F. Craven; Unidentified Entities 1-10; and John Does 1-10 (As to Yazoo City Health and Rehabilitation). At the time this suit was filed, all of the individual defendants were either administrators or licensees of Yazoo City Health and Rehabilitation, which was a

nursing home in Yazoo City, Mississippi. On October 26, 2006, the Mississippi Supreme Court handed down Howard v. Estate of Harper, --- So. 2d ---, 2006 WL 302639 (Miss. Oct. 26, 2006), *infra*. In light of Howard, the defendants then removed the action to this Court on November 28, 2006. On December 29, 2006, the plaintiff filed a Motion to Remand.

### BRIEF EXPLANATION OF Howard v. Estate of Harper

The plaintiffs in Howard brought suit against a nursing home, the nursing home's administrator, and the nursing home's licensee. The plaintiffs claimed in their complaint that the administrator and licensee were negligent by not hiring an adequate amount of nursing personnel to staff the nursing home. Howard, 2006 WL 3026398, at *2. The defendants filed a Motion to Dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6), wherein they argued that the plaintiff failed to state a cognizable claim against the individual defendants. Id. at *1. The Rule 12(b)(6) motion was denied by the trial court. Id. On interlocutory appeal, the Mississippi Supreme Court reversed the trial court's denial. The supreme court held that (1) there is no common law duty of care owed by a nursing home administrator or licensee to the nursing home's patients, (2) there is no statutory duty of care owed by a nursing home administrator or licensee to the nursing home's patients, (3) as a matter of law, administrators and licensees of a nursing home cannot be liable for medical

malpractice unless a doctor-patient relationship existed, and (4) as a matter of law, there is no fiduciary duty between a nursing home's administrator or licensee and the nursing home's patients. Id. at *2-7.

## DISCUSSION

The defendants assert that Howard signifies no possibility of recovery for the plaintiff against the in-state defendants, i.e., Yazoo City Health's administrators and licensees. Consequently, the defendants argue that the non-diverse defendants were improperly joined, the action became removable on Howard's hand down date, and 28 U.S.C. § 1446(b)'s one-year time period for removal of diversity of citizenship actions should be equitably tolled pursuant to Tedford v. Warner Lambert Co., 327 F.3d 423 (5th Cir. 2003), and its progeny.  The plaintiff, however, argues that a change in state law which postdates the filing of a state court complaint does not give rise to Tedford's equitable exception to § 1446(b).

As an initial matter, the Court notes that it must rule upon the plaintiff's Motion to Remand before it can reach the merits of Defendants J.D. Lee, Boyd Gentry, Roy Dumas, Lisa Collins, George D. Morgan, Sydney K. Boone, Angela Kuntz, and James F. Craven's Rule 12(b)(6) motion. Granting a Rule 12(b)(6) motion is a decision on the merits. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). Moreover, "jurisdictional questions

must ordinarily precede merits determinations in dipositional order." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., --- U.S. ---, --- S. Ct. ---, 2007 WL 632763, *7 (March 5, 2007).

The plaintiff's Motion to Remand is premised on the alleged untimeliness of the defendants' Notice of Removal.  For actions which become removable not by the initial state court pleading but by a subsequent "other paper," Section 1446(b) provides that an action may not be removed on the basis of diversity jurisdiction more than one year after the commencement of the state court action.  The Fifth Circuit, however, applies an equitable exception to this one-year limit on diversity jurisdiction removals "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction."  Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003).

It is undisputed that when this action was filed on August 25, 2004 in the Circuit Court of Yazoo County, Mississippi, it was not initially removable.  The plaintiff is a Mississippi resident, and the named administrator and licensee defendants are all Mississippi residents; therefore, the complete diversity requirement of Strawbridge v. Curtiss, 3 Cranch 267 (1806), was not met. Moreover, until the Mississippi Supreme Court handed down Howard v. Estate of Haper, *supra*, on October 26, 2006, Mississippi law seemingly provided a common law tort action by nursing home residents against nursing home administrators and licensees.  See

Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc., 390 F.3d 400 (5th Cir. 2004) (reversing district court and holding that administrators and licensees were not fraudulently joined); Hill v. Beverly Enterprises-Miss., Inc., 305 F. Supp. 2d 644, 648-51 (S.D. Miss. 2003) (finding that plaintiff had reasonable possibility of recovery against in-state administrators and licensees); Bradley v. Grancare, Inc., No. 4:03cv93 (N.D. Miss. Aug. 15, 2003); LaBauve v. The Service Master Co., No. 3:00cv785 (S.D. Miss. Jan. 14, 2002); Estate of Barham v. Shady Lawn Nursing Home, Inc., No. 5:01cv129 (S.D. Miss. Oct. 23, 2001). Accordingly, at the time the plaintiff filed his initial state court complaint, the administrator and licensee defendants were proper parties.

The defendants base their removal on the Howard opinion, which they assert is an "other paper" that triggered removal on October 26, 2006 – some twenty-six months after the initial state court action was commenced. Further, the defendants argue that § 1446's one-year limit on diversity of citizenship removals should be tolled pursuant to Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003). The plaintiff contends that Tedford is inapplicable to the facts at bar. Specifically, the plaintiff argues that changes in state law which occur after the running of § 1446(b)'s one-year period do not give rise to Tedford's equitable estoppel exception; thus, the plaintiff maintains that the defendants' removal was

untimely.[1]

In Herschberger v. AC and S, 2005 WL 1221203 (S.D. Miss. May 23, 2005), Judge Gex refused to apply Tedford's equitable estoppel exception to § 1446(b)'s one-year limit on diversity removals even

---

[1]Although not argued by the plaintiff, it appears as though the Howard opinion may not be an "order or other paper" which triggers removal.  Ordinarily, the right to remove does not emanate from subsequent developments in case law.  Allen v. Monsanto Co., 396 F. Supp. 2d 732 (S.D. W. Va. 2005); Lozano v. GPE Controls, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994); Metropolitan Dade County v. TCI TKR of S. Fla., 936 F. Supp. 958 (S.D. Fla. 1996); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. 1998) ("the publication of opinions by other courts dealing with subjects that potentially could affect a state court suit's removability or documents not generated as a result of the state litigation are not recognized as 'other paper' sources for purposes of starting a new thirty-day period under Section 1446(b).").

A narrow exception to this rule was recognized in Doe v. American Red Cross, 14 F.3d 196 (3d Cir. 1993), in which the Third Circuit held that a new Supreme Court opinion, American National Red Cross v. S.G., 112 S. Ct. 2465 (1992), constituted an "order" within the meaning of § 1446(b).  For an order in a separate and distinct lawsuit to be considered an "order or other paper" within the meaning of § 1446(b) for a pending state court action, the two cases must be "sufficiently related."  Doe, 14 F.3d at 202-03; see also Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263 (5th Cir. 2001).  Two cases are sufficiently related when "(1) the order [came] from a court superior in the same juridical hierarchy, (2) was directed at a particular defendant and (3) expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues."  Doe, 14 F.3d at 202-03.  Thus, for the Doe exception to apply, the removing defendant must have been a defendant in the suit from which the removal triggering order was handed down.  See Green, 274 F.3d at 268.

In the Fifth Circuit, however, § 1446(b)'s one-year limitation period is procedural.  As such, the Court cannot raise the issue *sua sponte*.  See F.D.I.C. v. Loyd, 955 F.2d 316 (5th Cir. 1992) (reversing district court's *sua sponte* remand which was based on procedural grounds); Gonzalez v. Citgo Petro Corp., 48 Fed. Appx. 107, *1 (5th Cir. 2002) (stating that § 1446(b)'s one-year limit on diversity removals is a procedural rule rather than jurisdictional requirement).

though an intervening change in Mississippi state law governing joinder established complete diversity among the parties. The original state court complaint joined seven mesothelioma plaintiffs together against sixty-five asbestos manufacturing corporate defendants in the Circuit Court of Holmes County, Mississippi.[2] Herschberger, 2005 WL 1221203, at *1. Over four years after the initial state court pleading was filed, the Mississippi Supreme Court handed down Janssen Pharmaceutica, Inc. v. Armond, 866 So. 2d 1092 (2004), which represented a significant departure from then-existing Mississippi law governing joinder of parties. In July of 2004, the Holmes County Circuit Court severed the seven original plaintiffs' claims, and then on April 19, 2005, the circuit court transferred Herschberger's claims to the Circuit Court of Harrison County, Mississippi. Id. After severance and transfer, Herschberger's claim was solely against non-resident defendants; thus, the complete diversity requirement was met, and the defendants removed the action. Id.

---

[2] At the time the state court suit was filed, Mississippi law allowed parties to join together so long as there was a single question of fact or law linking the parties, i.e., the cause of the mesothelioma. Thus, in the original state action, each plaintiff did not have a claim against each defendant. Herschberger, for instance, did not levy allegations against the resident defendants; instead, the plaintiff relied on the other plaintiffs' claims against the resident defendants to satisfy Mississippi's venue requirements. See Miss. R. Civ. P. 82(c) ("Where several claims or parties have been properly joined, the suit may be brought in any county in which any one of the claims could properly have been brought.").

Judge Gex found the removal to be untimely and remanded the case. In so doing, the Court stated, "The facts in this case do not lead the Court to conclude that the Plaintiffs manipulated the pleadings in an attempt to avoid federal jurisdiction." Id. at *4. Moreover, Judge Gex noted that the change in Mississippi law was not caused by a voluntary act of the plaintiff. Id. Accordingly, the Court refused to apply Tedford's equitable estoppel exception to § 1446(b)'s one-year limit on diversity removals. Id.

Similarly, in Thomas v. Exxon Mobil Corp, 2003 WL 22533677 (E.D. La. Nov. 5, 2003), the Eastern District of Louisiana held that an intervening change in Louisiana class action law did not require the application of Tedford's equitable exception. The defendants in Thomas argued that the plaintiff had manipulated state joinder rules; therefore, the plaintiff should be estopped from invoking § 1446(b)'s one-year limit on diversity removals. The court in Thomas distinguished between the manipulation of *state rules* and the manipulation of *federal rules*. It held, "[A]bsent manipulation of the *federal rules* governing the timing for removal of diversity actions or the citizenship of the parties, there is no equitable reason to estop plaintiffs from relying on § 1446(b) to assert the untimeliness of removal. Thomas, 2003 WL 22533677, at *6.

In the case at bar, the Court cannot say that the plaintiff has manipulated federal law in order to avoid federal subject

matter jurisdiction. Rhodes did no more in his state court complaint than assert various causes of action against Yazoo City Rehabilitation's administrators and licensees. At the time his complaint was filed, the Fifth Circuit and several district courts had made an "Erie guess" that the Mississippi Supreme Court would allow such causes of action. See Gray, *supra*; Hill, *supra*; Bradley, *supra*; LaBauve, *supra*; Estate of Barham, *supra*.

With the exception of direct, tortious conduct on the part of a nursing home administrator or licensee, the Mississippi Supreme Court's decision in Howard seems to eliminate most causes of action against administrators and licensees. Rhodes did not cause this change in state law. Moreover, the defendants have not alleged that the plaintiff joined the resident defendants without intending to prosecute his claims or solely for the purpose of defeating federal jurisdiction. See Davis v. Merck & Co., Inc., 357 F. Supp. 2d 974 (E.D. Tex. 2005). Barring some inequitable conduct on the part of Rhodes whereby he manipulated federal law in an effort to avoid removal, the plaintiff should not be estopped from asserting the plain statutory text of § 1446(b).

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Remand [**docket entry no. 6**] is **GRANTED**, and, pursuant to 28 U.S.C. § 1447(c), this action shall be remanded to the court from whence it came.

IT IS FURTHER ORDERED that the defendants' Motion to Dismiss [**docket entry no. 15**] is **MOOT**.

SO ORDERED, this the 30th day of April, 2007.


                          s/ David Bramlette
                          UNITED STATES DISTRICT JUDGE